# B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

WILLIAM EISEMAN,

                              Defendant.

---

## THE MELVILLE INCIDENT

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendant of the crime of **PERJURY IN THE FIRST DEGREE**, in violation of Penal Law §210.15, committed as follows:

The defendant, in the County of New York, on or about May 30, 2008, did swear falsely by intentionally making a false statement which he did not believe to be true, while giving testimony which was material to the action, proceeding and matter in which it was made, to wit:

The Supreme Court of the County of New York, Part 52, was conducting a hearing to determine the legality of the arrest and subsequent search and seizure of contraband in the case of The People of the State of New York against Antoine Melville, in which Antoine Melville was charged by Indictment Number 4410-2008 with multiple crimes, including Criminal Possession of a Controlled Substance in the Second Degree, several counts of Criminal Possession of a Weapon in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree. For that reason, it became material and necessary to ask the defendant, who was the sergeant who supervised the arrest of Antoine Melville, what the defendant knew about the circumstances leading up to Antoine Melville's arrest and the recovery of the contraband in question.

On May 30, 2008, the defendant appeared as a witness and testified before the Supreme Court of the County of New York, Part 52, a court authorized to administer an oath, and the defendant swore under oath that he would testify truthfully in connection with the matter of The People of the State of New York against Antoine Melville. The defendant swore falsely and intentionally misled the Supreme Court of the County of New York, Part 52, by testifying that on August 20, 2007, he had observed marijuana smoke coming from inside Antoine Melville's vehicle, as the following testimony demonstrates:

*Direct Examination*

Q: Can you please describe for the Court the circumstances leading up to the defendant's arrest?
A: Yes. I was driving the RMP behind 3333 Broadway. There was an, I believe it was a Honda minivan, parked illegally. When I maneuvered the police car around the minivan, I smelled a strong odor of marijuana, burned marijuana smoke that I could smell.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Q: And then what happened?
A: After I had smelled the marijuana smoke, I had stopped the police car and had gotten out and approached the Honda minivan.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Q: When you approached the driver's side, did you see whether the Honda's window was opened or closed?
A: The driver's side window was down.
Q: And as you approached, did you continue to smell marijuana?
A: Yes.
Q: Could you see or feel where it was coming from?
A: Yes, I could smell and see where it was coming from.
Q: Where was it coming from?
A: Inside Mr. Melville's vehicle.

*Cross Examination*

Q: Outside of what you vouchered, did you see any evidence of a marijuana cigarette smoked, either ashes, small, little, in my day they called them roaches, anything like that?
A: Besides the cloud of smoke, no.
Q: It's your testimony that you actually saw a cloud of smoke?
A: There was smoke in the vehicle, yes.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Q: And you – did you reach a conclusion that the smoke that you saw was evidence of him smoking marijuana in his vehicle?
A: That I saw and smelled, yes.

> Q: So at the point prior to asking him whether or not – or whether to exit the vehicle, you had already reached a conclusion that there was evidence in your mind that he had smoked a marijuana cigarette, is that correct?
> A: Yes.
> Q: And that evidence would be the smoke as well as the smell that you say, is that correct?
> Q: Correct.

Whereas, in truth and in fact, as the defendant well knew, that testimony was false and the truth was that on August 20, 2007, the defendant had not seen any smoke coming from or in Antoine Melville's vehicle.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of **PERJURY IN THE FIRST DEGREE**, in violation of Penal Law §210.15, committed as follows:

The defendant, in the County of New York, on or about May 30, 2008, did swear falsely by intentionally making a false statement which he did not believe to be true, while giving testimony which was material to the action, proceeding and matter in which it was made, to wit:

The Supreme Court of the County of New York, Part 52, was conducting a hearing to determine the legality of the arrest and subsequent search and seizure of contraband in the case of The People of the State of New York against Antoine Melville, in which Antoine Melville was charged by Indictment Number 4410-2008 with multiple crimes, including Criminal Possession of a Controlled Substance in the Second Degree, several counts of Criminal Possession of a Weapon in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree. For that reason, it became material and necessary to ask the defendant, who was the sergeant who supervised the arrest of Antoine Melville, what the defendant knew about statements made by Antoine Melville to the defendant.

A: I know my rights. You can't get those. Something very similar to that. I would have to see a copy of the paperwork once again that you took away from me.

Whereas, in truth and in fact, as the defendant well knew, that testimony was false and the truth was that on August 20, 2007, Antoine Melville had never stated that the contraband was in his apartment

THIRD COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about August 20, 2007, with the intent to deprive Antoine Melville of a benefit, to wit, Antoine Melville's right to be free from the unreasonable search and seizure of his person, committed an act relating to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.

FOURTH COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about August 20, 2007, with the intent to deprive Antoine Melville of a benefit, to wit, Antoine Melville's right to be free from the unreasonable search of his property, to wit, an iPhone, committed an act relating

to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.

## THE RODRIGUEZ INCIDENT

FIFTH COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35, committed as follows:

The defendant, in the County of New York, on or about July 6, 2008, knowing that a written instrument, to wit, an arrest report for Carlos Garcia, contained a false statement and false information, and with intent to defraud the state and a political subdivision and public authority of the state, offered and presented it to a public office, public servant and public authority, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant and public authority.

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendant of the crime of **TAMPERING WITH EVIDENCE**, in violation of Penal Law §215.40 (2), committed as follows:

The defendant, in the County of New York, on or about July 6, 2008, believing that certain physical evidence, to wit: a written statement created by Richard Rodriguez, was about to be produced and used in an official proceeding and a prospective official proceeding, and intending to prevent such production and use, suppressed it by an act of concealment, alteration and destruction.

SEVENTH COUNT:

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about July 6, 2008, with the intent to deprive Robert Rodriguez of a benefit, to wit, Robert Rodriguez's right to be free from the unreasonable search of his property, to wit, the trunk of his car, committed an act relating to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.

## THE BOYD INCIDENT

EIGHTH COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35, committed as follows:

The defendant, in the County of New York, on or about July 17, 2008, knowing that a written instrument, to wit, a reckless driving summons issued to Terry Boyd, contained a false statement and false information, and with intent to defraud the state and a political subdivision and public authority of the state, offered and presented it to a public office, public servant and public authority, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant and public authority.

NINTH COUNT:

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35, committed as follows:

The defendant, in the County of New York, on or about July 17, 2008, knowing that a written instrument, to wit, an NYPD voucher for US currency seized from Terry Boyd, contained a false statement and false information, and with intent to defraud the state and a political subdivision and public authority of the state, offered and presented it to a public office, public servant and public authority, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant and public authority.

TENTH COUNT:

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35, committed as follows:

The defendant, in the County of New York, on or about July 17, 2008, knowing that a written instrument, to wit, an NYPD command log entry concerning the detention of Terry Boyd and Sylvester Boyd, contained a false statement and false information, and with intent to defraud the state and a political subdivision and public authority of the state, offered and presented it to a public office, public servant and public authority, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant and public authority.

ELEVENTH COUNT:

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about July 17, 2008, with the intent to deprive Terry Boyd of a benefit, to wit, Terry Boyd's right to be free from the unreasonable search and seizure of his person, committed an act relating to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.

TWELFTH COUNT:

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about July 17, 2008, with the intent to deprive Terry Boyd of a benefit, to wit, Terry Boyd's right to be free from the unreasonable search of his property, to wit, his car, committed an act relating to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.