C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

       -against-

MICHAEL CARSEY,

                         Defendant.

---

    THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendant of the crime of **PERJURY IN THE FIRST DEGREE**, in violation of Penal Law §210.15, committed as follows:

    The defendant, in the County of New York, on or about August 21, 2007, did swear falsely by intentionally making a false statement which he did not believe to be true, while giving testimony which was material to the action, proceeding and matter in which it was made, to wit:

    The defendant appeared before the Criminal Court of the County of New York, Part Jury 13, with a search warrant application to search the home, car and cellular phone of Antoine Melville. For that reason, it became material and necessary for the Court to ask the defendant, who was the arresting officer in charge of the arrest of Antoine Melville, what the defendant knew about the circumstances surrounding Antoine Melville's arrest and the reasons why the defendant believed that the contraband and evidence sought would be found in the areas to be searched.

    On August 21, 2007, the defendant appeared as a witness and testified before the Criminal Court of the County of New York, Part Jury 13, a court authorized to administer an oath, and the defendant swore under oath that he would testify truthfully in connection with the

search warrant application. The defendant swore falsely and intentionally misled the Criminal Court of the County of New York, Part Jury 13, by testifying that on August 20, 2007, Antoine Melville had made statements to the defendant indicating that certain contraband could be found in his apartment, as the following testimony demonstrates:

> Q: Okay. Now, what transpired to lead you to this –
> A: ...We brought him back to the station house. And we brought him back, and he requested that I go get his phone for some phone numbers so we can pick up his car. When he did that, he --- I witnesses him going in his phone and deleting pictures that represented a firearm and a rifle.
> Q: And what leads you to believe that those items will be in the defendant's apartment? By the way, the defendant's name is Antoine Melville?
> A: Correct.
> Q: That was the individual in the vehicle?
> A: Correct. When I questioned him, what was he doing, he stated, that is my apartment, referring to the pictures.
> Q: Okay. And what happened after that?
> A: After that, I questioned him about the firearms. I said, you know, what do you have to say about these guns. Can you tell us anything about these weapons. He stated, that's --- I believe he said, I know my rights, you can't, you can't get to that.

Whereas, in truth and in fact, as the defendant well knew, that testimony was false and the truth was that on August 20, 2007, Antoine Melville had never stated that the contraband was in his apartment.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of **PERJURY IN THE FIRST DEGREE**, in violation of Penal Law §210.15, committed as follows:

The defendant, in the County of New York, on or about May 30, 2008 and June 18, 2008, did swear falsely by intentionally making a false statement which he did not believe to be true, while giving testimony which was material to the action, proceeding and matter in which it was made, to wit:

Q: Once you got possession of the phone, was the picture of the rifle still there?
A: No, it was not.
Q: What pictures was there?
A: It was a picture of a large amount of money.
Q: Was there anything else in the picture?
A: Yes, there was a set of keys and the front side of a pistol.

**********************************

Q: After you saw – you took the phone and saw the photograph with the pile of money, the pistol and he keys, what did you do next?
A: I asked the defendant what the pictures were.
Q: What did he say?
A: He stated that that was his apartment.

*Cross Examination*

Q: After you see that rifle and you no longer see it on the screen, then what do you see?
A: And then I asked him what was that.
Q: Before you saw something else, you asked him that?
A: What's that?
Q: Before you saw another image on the phone, you asked that question? That's what I'm asking.
A: I said, what was that, after I saw the picture of the rifle.

**********************************

Q: And after saying, when after asking that particular question, Mr. Melville responded, "That's my apartment."
A: Yes.
Q: You were asking about what was on the iPhone, correct, when you asked the question? Correct?
A: I has said, "What is that?"
Q: You were asking about what was the image on the iPhone, correct?
A: Yes.
Q: And as you sit here today, he told you that was my apartment.
A: Yes.

Whereas, in truth and in fact, as the defendant well knew, that testimony was false and the truth was that on August 20, 2007, Antoine Melville had never stated that the contraband was in his apartment.

THIRD COUNT

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of **PERJURY IN THE FIRST DEGREE**, in violation of Penal Law §210.15, committed as follows:

The defendant, in the County of New York, on or about May 30, 2008 and June 18, 2008, did swear falsely by intentionally making a false statement which he did not believe to be true, while giving testimony which was material to the action, proceeding and matter in which it was made, to wit:

The Supreme Court of the County of New York, Part 52, was conducting a hearing to determine the legality of the arrest and subsequent search and seizure of contraband in the case of The People of the State of New York against Antoine Melville, in which Antoine Melville was charged by Indictment Number 4410-2008 with multiple crimes, including Criminal Possession of a Controlled Substance in the Second Degree, several counts of Criminal Possession of a Weapon in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree. For that reason, it became material and necessary to ask the defendant, who was the arresting officer in charge of the arrest of Antoine Melville, what the defendant knew about statements made by Antoine Melville to the defendant and Sgt. William Eiseman.

On May 30, 2008 and June 18, 2008, the defendant appeared as a witness and testified before the Supreme Court of the County of New York, Part 52, a court authorized to administer an oath, and the defendant swore under oath that he would testify truthfully in connection with the matter of The People of the State of New York against Antoine Melville. The defendant swore falsely and intentionally misled the Supreme Court of the County of New York, Part 52, by testifying that on August 20, 2007, Antoine Melville had made statements to the defendant indicating that certain contraband could be found in his apartment, as the following testimony demonstrates:

*Direct Examination*

Q: At about 2:45 am, did you and Sgt Eiseman return to the defendant?
A: Yes.
Q: And what, if anything, did you or Sgt Eiseman say to the defendant at around that time?
A: If I could refresh my recollection.
Q: Are you looking at the voluntary disclosure form?
A: Yes. The defendant was questioned about the firearms that were in the pictures, and if he had any knowledge of what they were.
Q: Backup. When was this?
A: This was after the defendant was placed in the cell area and after I had shown Sgt Eiseman the picture.
Q: And when you say questioned, who did the questioning?
A: Sgt Eiseman.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Q: When you said earlier he was questioned about the firearms, tell us specifically what questions you heard asked?
A: Do you know anything about the rifle that's on your phone and the large amount of money.
Q: Who asked that question?
A: Sgt. Eiseman did.
Q: And was there a response by the defendant?
A: Yes, he stated: I know my rights. You can't get those.

Whereas, in truth and in fact, as the defendant well knew, that testimony was false and the truth was that on August 20, 2007, Antoine Melville had never stated in "I know my rights. You can't get those."

## FOURTH COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35, committed as follows:

The defendant, in the County of New York, on or about August 21, 2007, knowing that a written instrument, to wit, a search warrant application to search the home, car and cellular phone of Antoine Melville presented to the Honorable ShawnDya L. Simpson, contained a false statement and false information, and with intent to defraud the state and any political subdivision, public authority and public benefit corporation of the state, offered and presented it

to a public office, public servant, public authority and public benefit corporation, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant, public authority and public benefit corporation.

FIFTH COUNT

AND THE GRAND JURY AFORESAID by this indictment, further accuse the defendant of the crime of **OFFICIAL MISCONDUCT**, in violation of Penal Law §195.00(1), committed as follows:

The defendant, a public servant, in the County of New York, on or about August 20, 2007, with the intent to deprive Antoine Melville of a benefit, to wit, Antoine Melville's right to be free from the unreasonable search of his property, to wit, an iPhone, committed an act relating to defendant's office but constituting an unauthorized exercise of defendant's official functions, knowing that such act was unauthorized.

CYRUS R. VANCE JR.
District Attorney

Filed:

No. NA

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MICHAEL CARSEY,

Defendant.

INDICTMENT

PERJURY IN THE FIRST DEGREE, P.L. §210.15;  3 Counts
OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE, P.L. §175.35;  1 Count
OFFICIAL MISCONDUCT, P.L. §195.00(1);  1 Count

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreman

ADA JULIO CUEVAS
OFFICIAL CORRUPTION UNIT