**F**

New York County **District Attorney's Office**                                    District Attorney Cyrus R. Vance, Jr.

DISTRICT ATTORNEY - NEW YORK COUNTY

**FOR IMMEDIATE RELEASE**                                                                                        **CONTACT: Joan Vollero**
July 15, 2010                                                                                                                    212-335-9400

**DISTRICT ATTORNEY VANCE ANNOUNCES INDICTMENTS**
**OF TWO NEW YORK CITY POLICE OFFICERS**

Manhattan District Attorney Cyrus R. Vance, Jr. today announced the indictments of Sergeant WILLIAM EISEMAN, 41, and Officer MICHAEL CARSEY, 29, of the New York City Police Department ("NYPD") for lying under oath and falsifying paperwork to conceal their involvement in the unlawful searches and seizures in various incidents in Northern Manhattan. EISEMAN has been charged with Perjury, Offering a False Instrument for Filing, Tampering With Evidence, and Official Misconduct. CARSEY has been charged with Perjury, Offering a False Instrument for Filing, and Official Misconduct. [1]

"Members of the New York City Police Department take an oath to protect and serve," said District Attorney Vance. "We expect all of our partners in law enforcement to uphold that pledge to the highest standards of their profession, and the overwhelming majority of them do. However, these officers crossed the line and violated the public's trust. Eiseman's conduct was particularly troubling because he was in a position to mentor and train young officers in the department."

"It's always disheartening when police officers engage in misconduct, but more so when they put career and liberty at risk in misguided attempts to make sure that criminals are successfully prosecuted," said Police Commissioner Raymond W. Kelly. "The NYPD instituted intensified training this year to make sure officers don't resort to perjury and that they always testify truthfully, letting the chips fall where they may even if it means that the guilty go free."

According to NYPD records, EISEMAN joined the department in 1997. In 2007, he was promoted to sergeant and was assigned to the Impact Response Team ("IRT"), where he was responsible for supervising and training newly-hired police officers. The IRT is primarily comprised of recent Police Academy graduates assigned to patrol high crime neighborhoods throughout Manhattan. In late 2007, EISEMAN was transferred to the Manhattan North Task Force, where he continued to supervise and train junior police officers. CARSEY graduated from the Police Academy and was assigned to the IRT in June of 2007, where he worked under the supervision of EISEMAN.

The court charges involve at least four incidents of misconduct documented between August 2007 and the summer of 2008. EISEMAN was involved in all of them, and CARSEY was involved in the first incident. Each involved unlawful stops and detentions of civilians in Northern Manhattan, which sometimes led to unlawful searches as well. Where the searches led to the recovery of contraband, EISEMAN ordered his subordinates to falsify police paperwork in order to make the stops and searches appear legitimate.

In the first incident, which is disclosed in documents filed in court, an unlawful stop and detention led to a court-authorized search warrant in which the civilian's apartment was searched as well. In that case, defendants EISEMAN and CARSEY later falsely testified under oath at a hearing conducted by a New York County Supreme Court judge investigating the legality of the arrest and the admissibility of the evidence seized. Because of the defendants' conduct, that criminal case was ultimately dismissed, and the civilian was not punished.

According to court documents, the second incident occurred in July 2008, when Eiseman recovered cocaine from inside the trunk of a car that he unlawfully searched. Eiseman ordered subordinates to falsify police reports and tell the District Attorney's Office that drugs had been recovered during a search at the precinct, rather than at the scene. The case has since been dismissed.

Later that same month, Eiseman ordered the unlawful detention of two individuals after searching their car, according to documents filed in court. No contraband was discovered, but the two were issued a false summons for reckless driving in order to justify the initial stop and subsequent detention.

The fourth incident disclosed in documents filed in court also occurred during the summer of 2008. Eiseman stopped and detained two people for no apparent reason. He allowed them to leave only after one of the people said that a relative was employed as an Assistant District Attorney in Manhattan.

District Attorney Vance thanked Assistant District Attorney Julio Cuevas, Deputy Bureau Chief of the Official Corruption Unit, who handled the case under the supervision of Assistant District Attorney Richard Buckheit, former Unit Chief of the Official Corruption Unit, and Executive Assistant District Attorney Adam Kaufmann, Chief of the Investigation Division. District Attorney Vance also thanked Assistant District Attorneys Charles Linehan and Jonathan Lenzner of the Major Economic Crimes Bureau, who assisted in the case. Investigators Alex Farrugia and Angelo Pisani assisted in the investigation under the supervision of the District Attorney's Investigation Acting Chief Walter Alexander.

District Attorney Vance also thanked Chief Charles Campisi, Captain Gregory Sheehan and Sergeant Kevin Gildea of the Internal Affairs Bureau of the NYPD.

Defendant Information:

WILLIAM EISEMAN, D.O.B. 04/02/72
Patterson, NY

Charges:

- Perjury in the First Degree, class D felony, 2 counts
- Offering a False Instrument for Filing in the First Degree, class E felony, 4 counts
- Tampering with Evidence, class E felony, 1 count
- Official Misconduct, class A misdemeanor, 6 counts

MICHAEL CARSEY, D.O.B. 10/16/80
Garden City, NY

Charges:

- Perjury in the First Degree, class D felony, 3 counts
- Offering a False Instrument for Filing in the First Degree, class E felony, 1 count

● Official Misconduct, class A misdemeanor count

A class D felony is punishable by up to 7 years in prison, a class E felony is punishable by up to 4 years in prison, and a class A misdemeanor is punishable by up to 1 year in prison.

[1] The charges contained in the indictments are merely allegations, and the defendants are presumed innocent unless and until proven guilty.

###

Additional news available at: www.manhattanda.org

Follow us at twitter.com/ManhattanDA

New York County District Attorney | duggane@danv.nyc.gov | 212-335-9400